IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) CASE NO. 2:22-cv-57 |
| CORRECT CONSTRUCTION, INC., d/b/a CORRECT MECHANICAL, INC.; SOLID PLATFORMS, INC., and VOLARE CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiffs are trustees of a multiemployer pension fund. Defendants are a former contributing employer to the Pension Fund, plus two related companies. Plaintiffs bring this action on behalf of the Pension Fund and the Pension Fund's participants and beneficiaries for the purpose of collecting withdrawal liability payments and related amounts.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c); and 28 U.S.C. §§ 2201, 2202.

3. Venue is appropriate in this Court under 29 U.S.C. § 1132(e)(2) and 1451(d) because the Pension Fund of which Plaintiffs are Trustees is administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## PARTIES

4. Plaintiffs, the Trustees of the Teamsters Union No. 142 Pension Fund, are fiduciaries of a Trust Fund created pursuant to the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Pension Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Pension Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Pension Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii).

5. The Pension Fund is funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements between participating employers and Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO, on behalf of employees. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund. The Pension Fund's office is located at 1330 Clark Road, Gary, Indiana.

6. Defendant Correct Construction, Inc. d/b/a Correct Mechanical, Inc. was an Indiana corporation with its principal place of business located at 6610 Melton Road, Portage, IN 46368. At all relevant times, Correct Mechanical was an employer as defined by ERISA, 29 U.S.C. § 1002(5), and for the purposes of the determination and assessment of withdrawal liability pursuant to Title IV of ERISA. Correct Mechanical was engaged in interstate commerce and affecting commerce as defined in ERISA, 29 U.S.C. § 1002(11) and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

7. Defendant Solid Platforms, Inc. is an Indiana corporation with its principal place of business located at 6610 Melton Road, Portage, IN 46368. At all relevant times, Solid Platforms was engaged in activities with continuity and regularity for the primary purpose of income or

profit. Upon information and belief, Solid Platforms was at all relevant times under common ownership and common control with Correct Construction pursuant to ERISA, 29 U.S.C. § 1301.3.

8. Defendant Volare Corporation is an Indiana corporation with its principal place of business located at 6610 Melton Road, Portage, IN 46368. At all relevant times, Volare was engaged in activities with continuity and regularity for the primary purpose of income or profit. Upon information and belief, Solid Platforms was at all relevant times under common ownership and common control with Correct Construction pursuant to ERISA, 29 U.S.C. § 1301.3.

## RELEVANT FACTS

9. At all relevant times, Correct Mechanical was a party to and agreed to abide by the terms of a Collective Bargaining Agreement with Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO. The Collective Bargaining Agreement required Correct Mechanical to make periodic contributions on behalf of its employers to the Pension Fund, in amounts established by the Collective Bargaining Agreement.

10. During the plan year ending June 30, 2021, Correct Mechanical completely ceased operations in the jurisdiction of Local No. 142 of the International Brotherhood of Teamsters, AFL-CIO. It thereby effectuated a complete withdrawal from the Pension Fund, in that it no longer had an obligation to pay contributions to the Pension Fund.

11. Prior to its complete withdrawal, Correct Mechanical also experienced four partial withdrawals under ERISA, 29 U.S.C. § 1385(a)(1). These partial withdrawals were the result of a 70% decline in the contribution base of the plan years ending June 30, 2017; June 30, 2018; June 30, 2019; and June 30, 2020.

12. As a result of its partial and complete withdrawals from the Pension Fund, Correct Mechanical incurred withdrawal liability to the Fund, becoming responsible for a proportionate

share of the unfunded vested liability for benefits owed to participants by the Pension Fund. The total amount of the withdrawal liability assessed to Correct Mechanical as a result of these partial and complete withdrawals was $351,159, as calculated by the Fund's actuary pursuant to ERISA, 29 U.S.C. § 1381(b).

13. By letter dated November 1, 2021, the Pension Fund notified Correct Mechanical of the withdrawal liability assessments. The notice specified that the assessments were to be paid in quarterly installments, with the first such quarterly installment due by January 1, 2022.

14. Correct Mechanical failed to make the required quarterly payments by January 1, 2022.

15. By letter dated January 5, 2022, the Pension Fund's counsel notified Correct Mechanical of the failure to make the quarterly payments. The notice further stated that, pursuant to ERISA, 29 U.S.C. § 1399(c)(5), had 60 days in which to cure its default. In addition to Correct Mechanical, the notice was also sent to Solid Platforms, Volare, and to the business and home addresses of Gregory Graegin, who is the registered agent for all three entities.

16. By letter dated January 26, 2022, counsel for Correct Mechanical submitted a Request for Review of the withdrawal liability assessments to the Pension Fund. Despite the previous notices from the Pension Fund and the Pension Fund's counsel, however, Correct Mechanical has failed to make any quarterly installments toward its withdrawal liability.

17. Pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), the Pension Fund is permitted to treat any failure of an employer to make a withdrawal liability payment within the time prescribed in the same manner as a delinquent contribution. Under the Pension Fund's collection policy, delinquent contributions are subject to liquidated damages in the amount of 20% of the total amount owed and interest at the rate of 10% per year.

## COUNT I
### Failure to Pay Interim Withdrawal Liability Payments

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Correct Mechanical has failed to pay the required quarterly installments toward its withdrawal liability, despite notices from the Pension Fund and the Pension Fund's counsel, and despite being provided an opportunity to cure its failure.

20. Pursuant to ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), and in accordance with the law's "pay now-dispute later" rules, the Pension Fund is entitled to payment of the interim payments even though Correct Mechanical has submitted a request for review.

21. Correct Mechanical's actions are in violation of ERISA and, as a result, Correct Mechanical is liable for unpaid quarterly installment payments, liquidated damages, and interest. Correct Mechanical is also liable for attorney fees and costs pursuant to ERISA, 29 U.S.C. §§ 1132(g) and 1451(e).

22. Because Defendants Volare and Solid Platforms are part of a controlled group with Correct Mechanical, Volare and Solid Platforms are jointly and severally liable for all amounts owed.

WHEREFORE, Plaintiffs demand the following relief against Defendants:

A. An Order finding that Defendants are jointly and severally liable for and required to make all quarterly installments required by the withdrawal liability assessments of Correct Mechanical;

B. An Order finding that Defendants are jointly and severally liable for and required to pay interest in the amount of 10% per year from the due date on all delinquent installment payments;

5

  C. An Order finding that Defendants are jointly and severally liable for and required to pay liquidated damages in the amount of 20% on all delinquent installment payments;

  D. An Order finding that Defendants are jointly and severally liable for and required to pay all attorney's fees and costs incurred by Plaintiffs in connection with the collection of the unpaid amounts specified above;

  E. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  F. Any other legal or equitable relief which the Court deems just under the circumstances.

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*