UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION #142 PENSION FUND,<br>　　　Plaintiffs,<br><br>　v.<br><br>CORRECT CONSTRUCTION, INC., *et al.*,<br>　　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 2:22-CV-57-JPK<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on the request of Defendants Solid Platforms, Inc. ("Solid") and Volare Corporation ("Volare") to stay this litigation pending the outcome of a related arbitration involving another defendant, Correct Construction, Inc. ("Correct") [DE 16]. Solid and Volare also sought to stay discovery while the instant motion was pending. [DE 22].

Plaintiffs, the trustees of a pension fund (the "Fund"), filed this action seeking interim withdrawal liability payments from the three defendants. When an "employer" makes a complete withdrawal[1] from a pension fund, it must pay the "allocable amount of unfunded vested benefits" to the fund. 29 U.S.C. § 1381(a),(b)(1). If the employer contests the fund's assessment of liability, the parties must resolve the issue through arbitration. *See* 29 U.S.C. § 1399(b), 1401(a)(1). While arbitration is ongoing, the employer must make interim payments to the fund, "notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule." 29 U.S.C. § 1399(c)(2). In other words, the employer must "pay now, dispute later," unless certain limited exceptions are met. *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat., Inc.*, 253 F.3d 1011, 1015, 1019 (7th Cir. 2001). If the employer

---

[1] A "complete withdrawal" occurs when the employer no longer has to contribute to the pension plan or ceases all "covered operations" under the pension plan. *See* 29 U.S.C. § 1383. In this case, the Fund alleged that Correct ceased all operations within the jurisdiction of Local No. 142, meaning it no longer had an obligation to contribute, and now has to pay everything that it owes the Fund. [*See* DE 1, ¶ 12].

1

wins or partially wins the arbitration, the Fund must pay back the appropriate amount. Congress "gave pension funds the right to hold the stakes while arbitrators resolve the disputes" because the employers are at greater risk of insolvency, while the funds, as "solvent, diversified, regulated institutions," are well-positioned to return any overpayment. *Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Cent. Transp., Inc.*, 935 F.2d 114, 118-19 (7th Cir. 1991) ("Although the trust bears substantial risk if the employer holds the stakes pending final resolution, the employer faces no corresponding risk if the fund holds the stakes.").

In this case, the Fund alleges that Correct owes the Fund $351,159. Correct disputes the Fund's assessment of liability, and initiated arbitration between Correct and the Fund. [*See* DE 17-4]. The Fund seeks interim payments from Correct, but also from Solid and Volare, alleging that they were under common ownership and control with Correct. Solid and Volare seek to stay this litigation until the arbitration is resolved, arguing that they are not "employers" subject to the "pay now, dispute later" framework, and that any liability they have is premised on the outcome of the pending arbitration.

Courts have inherent power to stay proceedings, but in deciding whether to grant a stay, they "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). On a motion to stay, courts consider factors such as undue prejudice or tactical advantage to either party, the burden of litigation on the parties, judicial economy, and whether the stay could simplify the issues in question. *3BTech, Inc. v. Wang*, No. 3:20-CV-637 JD, 2020 WL 13093593, at *2 (N.D. Ind. Nov. 20, 2020); *Stopinc Aktiengesellschaft v. J.W. Hicks, Inc.*, No. 2:14-CV-238-PPS-JEM, 2014 WL 12821116, at *1 (N.D. Ind. Oct. 23, 2014).

First, it is not clear that the arbitration will address the relationship among Solid, Volare, and Correct, which is the subject of this case.[2] The arbitration appears limited to the question of whether Correct owes the Fund money, and how much; Solid and Volare are not parties to the arbitration, nor are they mentioned in the arbitration notice. *See id*. It is not apparent that the arbitrator would take up the question of whether Solid and Volare are employers, and regardless, that issue is expressly reserved to the district court. *See McGriff v. Schenkel & Sons Inc.*, No. 2:18-CV-364-JVB-JEM, 2020 WL 5912363, at *3 (N.D. Ind. Oct. 6, 2020) ("The arbitrator may make findings on Defendants' "employer" status, but the Court is not obliged to adopt them or stay the case to wait for them.").[3]

Solid and Volare argue that arbitration could make this case moot if the arbitrator finds no liability for Correct. That potential to streamline the issues would normally weigh in favor of a stay. But a stay would prejudice the Fund, because if Correct loses arbitration, the Fund would have to wait even longer to pursue interim payments from Solid and Volare. That would subvert the intent of a "pay now, dispute later" regime; the arbitration and litigation are meant to proceed in parallel. *See Cent. Transp., Inc.*, 935 F.2d at 118-19; *see also Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 261 (2d Cir. 1990) (district court ordered interim withdrawal payments despite pending arbitration); *Iron Workers Dist. Council of S. Ohio & Vicinity Pension Fund v. Lykins Reinforcing, Inc.*, 484 F. Supp. 3d 544 (S.D. Ohio 2020) (denying request to stay pending arbitration).

---

[2] The arguments raised for arbitration include whether Correct's alleged status as a "construction industry employer" forecloses its liability pursuant to 29 U.S.C. § 1388(d), whether the Fund's claim is "frivolous" and irreparably harmful to Correct, and whether there were mathematical errors in the Fund's calculation of liability. [*See* DE 17-4].

[3] Citing *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 261 (2d Cir. 1990) ("Arbitration is prescribed only for disputes 'between an employer and the plan sponsor.' . . . Thus, the [statute] does not preclude judicial resolution of the threshold legal issue [of whether a party is] an employer within the meaning of the statute.") (citations omitted); *Local 705, Int'l Bhd. of Teamsters Pension Tr. Fund v. Packey, Inc.*, No. 96 C 2330, 1997 WL 724548, at *4 (N.D. Ill. Nov. 10, 1997); *Cent. States, Se. & Sw. Areas Pension Fund v. Progressive Driver Servs., Inc.*, 940 F. Supp. 1311, 1314 (N.D. Ill. 1996) (listing cases).

The Court's research has not revealed a case in which a stay was granted under similar circumstances. *McGriff v. Schenkel & Sons Inc.*, No. 1:14-CV-01742-TWP, 2015 WL 1166060 (S.D. Ind. Mar. 13, 2015), cited by Solid and Volare, is inapposite. The plaintiffs sought interim payments from a company ("Construction") that was an alleged alter ego of the nominal employer ("Sons"), with an arbitration already pending. However, because of the particular arguments raised in the arbitration, the parties "agree[d] that the focus of the arbitration [was] whether Construction is an alter ego or single employer with Sons." 2015 WL 1166060, at *3. The federal court needed to decide the identical issue, so litigation would have "require[d] substantial efforts by the parties and the court duplicative of . . . the arbitration." *Id*. Here, the litigation and arbitration are addressing separate issues.

The limited scope of discovery likely required at this stage of the litigation is itself a factor that weighs against a stay. *See Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *3-4 (N.D. Ill. Sept. 2, 2020) ("broadly decrying the time and expense" of discovery does not usually justify a stay, except in complex cases). As the Fund points out, the mere filing of a corporate disclosure statement may provide necessary information. [DE 18 at 5]. If the parties are unable to come to an agreement on whether any discovery the Fund seeks is appropriately tailored for the issues in this case, the Court will set a status conference at the earliest time convenient to all parties. The Court reminds all parties that discovery must be "proportional to the needs of the case" among other requirements. Fed. R. Civ. P. 26(b)(1).

The parties agreed to a discovery deadline in this case of January 27, 2023 [*see* DE 13, 15], and the arbitration hearing is set for January 17-18, 2023. Depending on the expected timing of the arbitrator's decision, a brief delay prior to the filing of dispositive motions may be

4

warranted. The Court would consider such a request at the appropriate time. However, the facts presented here do not justify a complete stay of proceedings.

Having reviewed the motions, the Court **DENIES** the Motion to Stay Pending Arbitration [DE 16] and the Motion to Stay Discovery [DE 22]. Solid and Volare are ordered to respond to Plaintiffs' outstanding discovery requests by **September 8, 2022**. Defendants are further **REMINDED** of their obligations to file corporate disclosure statements under Federal Rule of Civil Procedure 7.1.

So ORDERED this 18th day of August, 2022.

                                                        s/ Joshua P. Kolar
                                                       MAGISTRATE JUDGE JOSHUA P. KOLAR
                                                       UNITED STATES DISTRICT COURT